UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

```
HORACE SCOTT CLARK and         )
KATHERINE ANN CLARK,           )
                               )  Civil Action No. 5:08-434-JMH
     Plaintiffs,               )
                               )
V.                             )
                               )
BUCYRUS INTERNATIONAL, ET AL., )  MEMORANDUM OPINION AND ORDER
                               )
                               )
     Defendants.               )
                               )
```

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendants Bucyrus International, Inc., Bucyrus Holdings, LLC, and Bucyrus America, Inc. [Record No. 24]. Subsequent to the filing of the Motion to Dismiss, Plaintiffs voluntarily dismissed their claims against Bucyrus Holdings, LLC and Bucyrus America, Inc., as reflected in the Order dated February 23, 2009 [RN 32]. Accordingly, the only remaining defendant seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is Bucyrus International, Inc. Plaintiffs responded [Record No. 30] and Bucyrus replied [Record No. 36]. This matter is now ripe for review.

### BACKGROUND

Plaintiffs filed this action against Bucyrus International, Inc. ("Bucyrus"), Bucyrus Field Services, Inc. f/k/a Minserco, Inc. ("Minserco"), Bucyrus Holdings, LLC, Bucyrus America, Inc., Martin

Marietta Materials, Inc., and Bahama Rock, Ltd.[1] alleging breach of contract, negligence, negligent misrepresentation, fraudulent misrepresentation, fraud, fraudulent inducement and loss of consortium. Plaintiffs' claims arise out of Plaintiff Horace Scott Clark's ("Clark") employment with Bucyrus and/or Minserco. For a full recitation of the facts, see the Court's Memorandum Opinion and Order dated June 12, 2009 [Record No. 42].

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997).

If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007); *Weisbarth v. Geauga Park*

---

[1] Plaintiffs voluntarily dismissed their claims against Bahama Rock, Ltd., as reflected in the Order dated March 17, 2009 [Record No. 39].

*Dist.*, 499 F.3d 538, 542 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## DISCUSSION

Plaintiffs have alleged that Bucyrus is directly liable for breach of contract, negligence, negligent misrepresentation, fraudulent misrepresentation, fraud, and fraudulent inducement, Counts One through Six, respectively, all stemming from Bucyrus's alleged failure to procure the permits necessary for Plaintiffs to work and live in the Bahamas. Plaintiffs also allege in Count Twenty-Five that Bucyrus is vicariously liable for the wrongs of its subsidiary, Minserco. Bucyrus moves the Court to dismiss both the direct and derivative claims against it. For the reasons that follow, the Court will deny the motion to dismiss as to the direct claims and will grant the motion to dismiss the derivative liability claim.

A. **Vicarious Liability**

"It is a general principle of corporate law deeply ingrained

in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries" *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998). The principle that a parent corporation generally is not liable for the wrongs of its subsidiary does have certain exceptions, *see generally Anderson v. Ridge Tool Co.,* No. 06-116-HRW, 2008 WL 1908716 at *5,(E.D.Ky. Apr. 30, 2008), however, the burden is on the Plaintiffs "to present some specific argument as to why the separate corporate form should be ignored, since it is clear that 'limited liability is the rule not the exception.'" *Id.* (quoting *Anderson v. Abbott*, 321 U.S. 349, 362 (1944)).

The Court recognizes that, at this early stage of the litigation, Plaintiffs are not required to present evidence in support of their claims. However, Plaintiffs have failed to even allege facts which support their claim that Bucyrus is vicariously liable for Minserco's actions. The Complaint provides nothing more than a formulaic recitation of the elements necessary for a claim that seeks to pierce the corporate veil and hold Bucyrus liable for Minserco's acts. Paragraphs 353 through 355 of the Complaint merely state Plaintiff's legal conclusions that "Minserco, was and is the actual and/or apparent agent of Defendant, Bucyrus." The Court is not required, nor will it, accept as true these legal conclusions. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.

4

2007). A mere "formulaic recitation of a cause of action's elements will not do," *Bell Atlantic Corp.,* 550 U.S. at 545, when confronted with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

In response to Bucyrus's motion to dismiss, Plaintiffs produced several exhibits which they claim demonstrate that Bucyrus should be held liable for Minserco's actions. These exhibits, however, are outside the pleadings and cannot be considered in ruling on the 12(b)(6) motion to dismiss. *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999). Perhaps recognizing the deficiency of their Complaint, on page nine of their response, Plaintiffs state:

> Simultaneously with the filing of this Response, Plaintiffs are also filing a Motion for Leave to File First Amended Commplaint which will clarify any ambiguity the Bucyrus entities might perceive in the original Complaint. Should leave to file be granted, and to the extent the original Complaint has not done so, the First Amended Complaint will contain allegations that Bucyrus International, Inc. had such control and domination of Bucyrus Field Services, Inc. f/k/a Minserco, Inc. that it was simply its alter-ego with no distinct corporate existence, and that the corporate veil should be pierced.

Pls. Resp. at 9.[2] No motion for leave to amend the complaint was ever filed. The Complaint contains no factual allegations to support Plaintiffs' claim that Bucyrus should be vicariously liable

---

[2] The Court declines to construe this language as a motion for leave to amend the complaint, as it expressly states that a motion for leave to amend will be forthcoming, necessitating the conclusion that this language was not, itself, intended as a motion for leave to amend.

for Minserco's acts. Accordingly, the Court will grant Bucyrus's motion to dismiss the vicarious liability claim.

**B.  Direct Liability**

While the "Argument" portion of Bucyrus's motion to dismiss and the entirety of Bucyrus's reply focus on whether the vicarious liability claim should be dismissed, at the conclusion of its reply, Bucyrus clarifies that it is seeking a dismissal of the direct liability claims as well. ("Plaintiffs have alleged no facts that tend to support a conclusion that Bucyrus International is directly liable for the Plaintiffs' injuries, if any.").

Plaintiffs allege that Bucyrus entered into an employment agreement with Clark whereby Bucyrus would be responsible for obtaining the permits necessary for Plaintiffs to live and work in the Bahamas. Plaintiffs further allege that Clark relied on Bucyrus's obligation to obtain the permits and licenses, and that Bucyrus knew of Plaintiffs' reliance on its promise. Plaintiffs allege that Bucyrus represented that it had obtained the permits and licenses when in fact it had not, resulting in damages to Plaintiffs. These basic facts, when taken as true, are sufficient to state direct liability claims that are facially plausible. Accordingly, the Court will deny Bucyrus's motion to dismiss the direct liability claims of breach of contract, negligence, negligent misrepresentation, fraudulent misrepresentation, fraud, and fraudulent inducement.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED:**

That Bucyrus's Motion to Dismiss [Record No. 24] shall be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART.** The vicarious liability claim at Count Twenty-Five shall be dismissed. The breach of contract, negligence, negligent misrepresentation, fraudulent misrepresentation, fraud, and fraudulent inducement claims found at Counts One, Two, Three, Four, Five, and Six, respectively, shall remain.

This the 17th day of July, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge